Jared S. Dahle
Nicholas J. Lofing
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
jsdahle@garlington.com
njlofing@garlington.com

Attorneys for Defendants Clark, Brownlow and Paul

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CODY MARBLE,<br><br>Plaintiff,<br><br>v.<br><br>MISSOULA COUNTY, MICHAEL MCMEEKIN, BRAD GIFFIN, JEREMY MEEDER, MICHAEL DOMINICK, ROBERT TAYLOR, MISSOULA COUNTY SHERIFF'S OFFICE, FRED VAN VALKENBURG, JENNIFER CLARK fka JENNIFER JOHNSON, DOROTHY BROWNLOW, ANDREW PAUL, MISSOULA COUNTY ATTORNEY'S OFFICE, AND JOHN DOES 1-5,<br><br>Defendants. | Cause No. CV-20-00089-DLC-KLD<br><br><br>DEFENDANTS BROWNLOW, PAUL AND JOHNSON'S MOTION TO DISMISS, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) |

Defendants Dorothy Brownlow ("Brownlow"), Andrew Paul ("Paul") and

Jennifer Johnson ("Johnson"), by and through their attorneys, Garlington, Lohn &

Robinson, PLLP, and pursuant to Federal Rule of Civil Procedure Rule 12(b)(6),

respectfully move the Court for dismissal with prejudice of all claims against them.

Plaintiff asserts the following Counts in the Second Amended Complaint

that include Brownlow, Paul and Johnson:

- **Count II** - Malicious Prosecution:  42 U.S.C. § 1983 (Against Defendants in their individual capacities);

- **Count III** - Wrongful Conviction/Incarceration:  42 U.S.C. § 1983 (Against Defendants in their individual capacities);

- **Count IV** – Reckless or intentional failure to investigate – (14th  Amendment – Substantive Due process):  42 U.S.C. § 1983 (Against Defendants in their individual capacities);

- **Count V** – Destruction and/or Suppression of Exculpatory Evidence (14th Amendment – Procedural Due Process): 42 U.S.C. § 1983 (Against Defendants in their individual capacities);

- **Count VI** – Fabrication of Evidence – (14th Amendment – Substantive Due Process):  42 U.S.C. § 1983 (Against Defendants in their individual capacities);

- **Count VII** - Failure to Intercede:  42 U.S.C. § 1983 (Against Defendants in their individual capacities);

- **Count IX** - False Arrest – Montana Law (Against entity Defendants and the rest of the Defendants in their official capacity);

1

- **Count X** - Malicious Prosecution:  Montana Law (Against entity Defendants and the rest of the Defendants in their official capacity);

- **Count XI** - Negligence (Against entity Defendants and the rest of the Defendants in their official capacity);

- **Count XII** - *Dorwart* Claims:  Violations of the Montana Constitution (Against entity Defendants and the rest of the Defendants in their official capacity);

- **Count XIII** - Negligent Infliction of Emotional Distress (Against entity Defendants and the rest of the Defendants in their official capacity);

- **Count XIV** - Intentional Infliction of Emotional Distress (Against entity Defendants and the rest of the Defendants in their official capacity).

The grounds for this motion are that each of the claims that appear to be asserted against Brownlow, Paul and Johnson are properly dismissed in their entirety and with prejudice as follows:

(1)     Each count is barred by absolute prosecutorial immunity (Counts II, III, IV, V, VI, VII, IX, X, XI, XII, XIII and XIV):

(2)     Johnson is entitled to qualified immunity for any liability since her alleged role is limited to investigation and advising investigating officials;

(3)     Each state law count is time-barred by the statute of limitations (Counts IX, X, XI, XII, XIII and XIV);

(4)     no cognizable right exists to an adequate law enforcement investigation (Count IV);

2

(5)    no cognizable right exists under the Sixth Amendment for the

disclosure of exculpatory evidence (Count V);

(6)    Marble engages in impermissible group pleading; and

(7)    Marble fails to plausibly allege the requisite personal involvement of

Brownlow, Paul and Johnson in the alleged violation of his rights as follows:

- Marble fails to plausibly allege Johnson's personal involvement in malicious prosecution (Count II);

- Marble fails to plausibly allege the personal involvement of Brownlow, Paul and Johnson in the reckless or intentional failure to investigate (Count IV);

- Marble fails to plausibly allege the personal involvement of Brownlow, Paul or Johnson in the destruction or suppression of exculpatory evidence (Count V);

- Marble fails to plausibly allege the personal involvement of Brownlow, Paul or Johnson in fabrication of evidence (Count VI);

- Marble fails to plausibly allege the personal involvement of Brownlow, Paul or Johnson in failing to intercede (Count VII);

- Marble fails to plausibly allege the personal involvement of Brownlow, Paul or Johnson in false arrest (Count IX);

- Marble fails to plausibly allege the personal involvement of Johnson in malicious prosecution (Count X);

- Marble fails to plausibly allege the personal involvement of Brownlow, Paul or Johnson in negligence (Count XI);

3

- Marble fails to plausibly allege the personal involvement of Johnson in *Dorwart* violations as alleged in conclusory fashion in Count XII;

- Marble fails to plausibly allege the personal involvement of Brownlow, Paul or Johnson in negligent infliction of emotional distress (Count XIII);

- Or intentional infliction of emotional distress (Count XIV).

This motion is based on the pleadings on file herein, together with the supporting brief filed contemporaneously herewith.

Counsel for Plaintiff has been contacted and opposes this motion.

DATED this 25th day of June, 2020.

/s/  Jared S. Dahle
Attorneys for Defendants Clark, Brownlow and Paul

4