Mark M. Kovacich
Ross T. Johnson
ODEGAARD KOVACICH SNIPES, P.C.
P.O. Box 2325
Great Falls, MT  59403
(406) 222-2222
mark@mtlawyers.com
ross@mtlawyers.com

Benjamin J. Langford
ODEGAARD KOVACICH SNIPES, P.C.
550 North 31st Street, Suite 200
Billings, MT 59101
(406) 222-2222
blangford@mtlawyers.com

Gale R. Gustafson
Daniel T. Jones
Fernando J. Terrones
GUSTAFSON LAW OFFICES
400 South Main Street, Suite 101
Conrad, MT 59425
(406) 278-7521
gustafsn@3rivers.net
djones@glo.law
fterrones@glo.law

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | | |
|---|---|---|
| CODY MARBLE, | ) | CAUSE NO. CV-20-89-M-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLAINTIFF'S PRELIMINARY** |
| | ) | **PRETRIAL STATEMENT** |
| MISSOULA COUNTY; MICHAEL | ) | |

McMEEKIN; BRAD GIFFIN; JEREMY )
MEEDER; MICHAEL DOMINICK;      )
ROBERT TAYLOR; MISSOULA        )
COUNTY SHERIFF'S OFFICE; FRED  )
VAN VALKENBURG; JENNIFER       )
CLARK fka JENNIFER JOHNSON;    )
DOROTHY BROWNLOW; ANDREW       )
PAUL; MISSOULA COUNTY          )
ATTORNEY'S OFFICE; and JOHN    )
DOES 1-5,                      )
                               )
                Defendants.    )

_____

Plaintiff hereby submits his Preliminary Pretrial Statement in accordance with

L.R. 16.2(b).

## BRIEF FACTUAL OUTLINE

On March 12, 2002, Plaintiff was a 17 year old inmate in the juvenile wing of

the Missoula County Detention Center (MCDC) for a minor drug offense.  On that

same date, juvenile inmate Scott Kruse (Kruse) was also incarcerated in the juvenile

wing of  MCDC.  Kruse was facing murder charges.  Kruse conspired with other

inmates to falsely accuse Plaintiff of raping inmate Robert Thomas in order to achieve

a lightened sentence or plea agreement for his crimes.  On March 16, four days after

Plaintiff was released from MCDC, Kruse reported to a MCDC officer that he

witnessed Plaintiff rape Robert Thomas on March 10, 2012. Kruse received a

favorable plea agreement for his cooperation with Missoula County in its

investigation and prosecution against Plaintiff.

The four highly trained MCDC officers on shift did not corroborate the story concocted by Kruse.  The MCDC walk through log for March 10, 2002, did not support Kruse's story.  The physical layout of MCDC did not support Kruse's story. There was no physical evidence supporting Kruse's story.  During the investigation, the juvenile co-conspirators' stories varied so wildly that they did not support actionable allegations against Plaintiff.  To correct the inconsistent statements from co-conspirators, Missoula County Deputy Defendant Giffin changed and coerced witness statements as to incriminate Plaintiff.  Deputies Giffin, Taylor, and Dominick all actively participated in the wrongful prosecution and investigation of Plaintiff. Kruse's own story was glaringly inconsistent.  Eventually, after receiving a favorable plea deal, Kruse recanted his story.

Despite the lack of evidence and Kruse's recantation, Missoula County continued to prosecute the case.  The case was tried before a jury on November 20-22, 2002, whereby Plaintiff was convicted of rape.  Plaintiff was sentenced to 20 years with 15 suspended.  Plaintiff engaged in a series of appeals and pleas for post-conviction relief up to and until January 3, 2017, when Judge McLean vacated Plaintiff's conviction and ordered a new trial for the alleged rape. Three days later, on January 6, 2017, Judge McLean granted Missoula County's motion to dismiss the case and finally making Plaintiff a free man. Plaintiff languished in the Montana Department of Corrections system for the better part of 15 years.  Plaintiff's life from

age 17-32 was unlawfully and unconstitutionally taken from him by Defendants. Plaintiff's factual allegations are more thoroughly set forth in his Second Amended Complaint.

## JURISDICTION AND VENUE

The parties agree this Court has jurisdiction to hear this case, and that the Missoula Division is the appropriate venue.

## FACTUAL BASIS AND LEGAL THEORY OF CLAIMS

Generally, Plaintiff's claims for damages are available as a result of the protections afforded by the United States Constitution, the Montana Constitution, 42 U.S.C. § 1983, and Montana common law. Plaintiff's specific claims against Defendants are discussed below.

Plaintiff asserts claims against Missoula County in accordance with *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). Supporting Plaintiff's claims, Missoula County exhibited policies, practices, and/or customs of:

    A.    Suppressing, destroying, or otherwise secreting exculpatory evidence;

    B.    Failing to investigate leads, including exculpatory evidence;

    C.    Using false and unreliable "jailhouse snitch" testimony to bolster weak cases;

D.     Failing to properly train and supervise officers and attorneys in the proper investigatory techniques and procedures;

E.     Failing to discipline officers who violate the law or the Constitution;

F.     Being deliberately indifferent to the violation by law enforcement officers of the Constitutional Rights of Plaintiff;

H.     Failing to train investigators on proper interview techniques as to avoid extinguishing the Constitutional rights of Plaintiff;

H.     Failing to document and disclose key witness interviews including exculpatory and impeachment evidence (in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963)).

Plaintiff also asserted the state law claims against Missoula County (and all other remaining Defendants) for actionable violations of the Montana Constitution per *Dorwart  v. Caraway,* 2002 MT 240, 312 Mont. 1, 58 P.3d 128, negligence, malicious prosecution, negligent infliction of emotional distress, and intentional infliction of emotional distress.  The factual support and legal theory for Plaintiff's claims are consistent among Defendants:

A.     ***Dorwart* violations**

Plaintiff's claims against Defendants for violations of *Dorwart* stem from Plaintiff's rights to due process, right to pursue life's basic necessities, the right to be free from unlawful arrest, malicious prosecution, wrongful conviction, and false

imprisonment, enumerated by Sections 3, 4, 11, 15, and 17 and Articles II and X of the Montana Constitution. Missoula County, through the Law Enforcement Defendants, willfully ignored basic exculpatory facts and fabricated evidence in order to convict Plaintiff. The motivation for the convictions stemmed from prior altercations between Law Enforcement Defendants and Plaintiff. Missoula County, through the prosecutors (including Van Valkenburg), proceeded to convict Plaintiff whilst knowing the individual who instigated the scheme had recanted his story prior to trial. When presented with the prospect of clearly exculpatory recantation evidence proffered through the alleged victim, Van Valkenburg threatened the witness with further criminal charges in the form of perjury if the victim changed his story from trial. Yet, up until Van Valkenburg was unseated as County Attorney, Missoula County continued to work to keep Plaintiff in jail in violation of rights guaranteed by the Montana Constitution.

## B.    Malicious Prosecution (Montana law)

Missoula County and its individual actors as named in Plaintiff's Complaint acted to commence, instigate, prosecute, and continue to prosecute the rape allegation against Plaintiff despite the lack of probable cause. Defendants had no physical evidence, exculpatory evidence via the layout of the facility and statements of MCDC officers, and relied only on unsubstantiated and untrustworthy facts. Defendants were motivated by ill intent through prior interactions with officers and/or intentionally

disregarded facts creating a high probability of injuring Plaintiff.   The proceedings against Plaintiff ended favorably for him. In the meantime, he was deprived his liberty for 15 years while waiting for the proceedings to end.

## C.     Negligence

Defendants owed Plaintiff a duty of reasonable care in conducting investigations and prosecuting claims against Plaintiff.  Such duties included duties to adhere to Montana and federal law.  Defendants' willful ignorance of the facts, fabrication of evidence, withholding of evidence, and prosecution of Plaintiff, despite the same is a breach, of a their duties of reasonable care, *Brady*, and § 46-15-3, MCA.  Defendants' breaches resulted in Plaintiff's 15 year incarceration.

## D.     Negligent and Intentional Infliction of Emotional Distress

Plaintiff is the direct victim of Defendants' breaches discussed above. Additionally, Plaintiff alleges Defendants' actions were intentional. "[A]n independent cause of action for intentional infliction of emotional distress will arise under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's intentional act or omission." *Sacco v. High Country Indep. Press, Inc.*, 271 Mont. 209, 237, 896 P.2d 411, 428 (1995). Imprisoning a 17 year old boy for a crime he did not commit qualifies.

Plaintiff also asserted various other claims under 42 U.S.C. § 1983, including

malicious prosecution, destruction/suppression of exculpatory evidence, fabrication

of evidence, and failure to intercede.

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress...

42 U.S.C. § 1983

This Court ruled upon various motions to dismiss and as a result, some of these

claims have been dismissed, or dismissed with Plaintiff's right to amend at a later

date.  The Court found Plaintiff's 42 U.S.C. § 1983 claims of malicious prosecution

and wrongful conviction to be duplicative and dismissed the wrongful conviction

action. The 42 U.S.C. § 1983 malicious prosecution claims are similar to state

malicious prosecution claims, and arise when a prosecution is commenced and

continued with malice and without probable cause, resulting in Plaintiff's damages.

The facts supporting this claim have been exhaustively discussed above.

Law enforcement cannot destroy evidence, fabricate evidence, fail to disclose

exculpatory evidence, or failure to intercede if these actions cause or subject a citizen

to the deprivation of rights secured by the Constitution.  In support of these claims,

Law Enforcement Defendants engaged in an intentional scheme to create false

testimony through coercion of alleged witnesses.  To the extent other officers knew about such evidence, failing to intercede and disclose such evidence supports these claims.  This Court has ruled on various motions to dismiss with regards to these specific causes of action.  Where dismissed, in many circumstances, the Court granted Plaintiff leave to amend his Complaint.  Plaintiff expects he will discover evidence supporting these claims which he will incorporate into any amendments.

Plaintiff's factual allegations and causes of action are more thoroughly set forth in his Second Amended Complaint.

## COMPUTATION OF DAMAGES

Many elements of Plaintiff's damage claims are not susceptible to precise calculation.  Other elements, while capable of calculation, will be based on complex expert analysis.  Plaintiff does not have precise damage calculations at this time, and given the nature of the damage claims in this matter, a current estimate would be purely speculative.  Plaintiff seeks damages as a result of his unlawful, unjust, and unreasonable prosecution and  incarceration from the date he was arrested on March 17, 2002, until his case was dismissed in April of 2016.  Plaintiff was denied his freedom for 13 years.  Plaintiff spent his 20's locked away for a crime he did not commit.  Plaintiff suffered substantial economic damages.  Plaintiff was denied the opportunity to seek further education, earn a wage, and develop professional skills.  Plaintiff also suffered significant general damages.   Plaintiff was denied the

opportunity to build the foundation for a normal life, develop and enjoy personal relationships, and live as a free man in the dawn of his life. Plaintiff has experienced severe emotional distress and had his reputation tarnished by Defendants' actions alleged. Plaintiff requests punitive and exemplary damages for conduct driven by malicious intent and/or involving reckless or callous indifference to Plaintiff's Constitutional rights. Finally, Plaintiff requests all applicable costs and fees allowed under Montana and federal law. To the extent any of the damages are capable of calculation, such calculations can only be performed by qualified experts. To the extent the damages are not capable of calculation, the proper damage amount should be left in the discretion of the jury.

## **RELATED STATE OR FEDERAL LITIGATION**

This case was originally filed in Montana state court, and was removed without objection to the Federal District Court for the State of Montana.

## **PROPOSED STIPULATIONS OF FACT AND WHAT LAW APPLIES**

**A.    Stipulations of Fact**

The parties have filed a separate Joint Statement of Stipulated Facts.

**B.    Applicable Law**

Federal and Montana substantive law governs Plaintiff's claims in this diversity action, as it includes causes of action under both Federal and Montana law.

## PROPOSED DEADLINE FOR JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

Plaintiff proposes that the Court require the parties to join additional parties and/or amend their pleadings no later than July 2, 2021.

## ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION

Plaintiff believes the following issues of law will be suitable for pretrial disposition after the parties conduct discovery:

1.    Defendants' duties of reasonable care owed to Plaintiff; and

2.    Disposition of various inapplicable affirmative defenses

## INDIVIDUALS WITH DISCOVERABLE INFORMATION

Plaintiff believes the following individuals may have information relevant to his claims:

| NAME | ADDRESS & NUMBER | INFORMATION |
|---|---|---|
| Cody Marble | c/o Ross Johnson<br>Odegaard Kovacich Snipes P.C.<br>21 3rd Street North<br>Great Falls, MT | All matters at issue |
| Jerry Marble | c/o Ross Johnson<br>Odegaard Kovacich Snipes P.C.<br>21 3rd Street North<br>Great Falls, MT | All matters at issue. |
| Wendy Nelson | MCDC<br>2340 Mullan Road<br>Missoula, MT 59808 | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |

| Tracy Addyman | MCDC<br>2340 Mullan Road<br>Missoula, MT 59808 | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |
|---|---|---|
| Susan Johnson Latimer | MCDC<br>2340 Mullan Road<br>Missoula, MT 59808 | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |
| Joanie Bigelow | MCDC<br>2340 Mullan Road<br>Missoula, MT 59808 | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |
| Gary Lancaster | MCDC<br>2340 Mullan Road<br>Missoula, MT 59808 | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |
| Dee Jackson | MCDC<br>2340 Mullan Road<br>Missoula, MT 59808 | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |
| Kirsten Pabst | 199 W Pine St,<br>Missoula, MT 59802 | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |
| Susan Hintz | MCDC<br>2340 Mullan Road<br>Missoula, MT 59808 | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |
| Russell Miller | Address Unknown | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |
| Gregory Van Mueller | Address Unknown | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |
| Scott Kruse | Address Unknown | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |

| Justin Morin | Address Unknown | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |
|---|---|---|
| Dorothy Brownlow | c/o Jared S. Dahle<br>Garlington, Lohn & Robinson, PLLP<br>P.O. Box 7909<br>Missoula, MT 59807<br>(406) 523-2538 | Ms. Brownlow may have knowledge regarding the investigation of the alleged rape by way of assistance and communication with law enforcement and knowledge surrounding the prosecution. |
| Jennifer Clark FKA Jennifer Johnson | c/o Jared S. Dahle<br>Garlington, Lohn & Robinson, PLLP<br>P.O. Box 7909<br>Missoula, MT 59807<br>(406) 523-2538 | Ms. Clark may have knowledge regarding the investigation of the alleged rape by way of assistance and communication with law enforcement and knowledge surrounding the prosecution. |
| Fred Van Valkenburg | c/o Natasha Prinzing Jones<br>Boone Karlberg PC<br>201 W. Main St., Suite 300<br>Missoula, MT 59802<br>(406) 543-6646 | Mr. Van Valkenburg may have knowledge regarding the investigation of the alleged rape by way of assistance and communication with law enforcement and knowledge surrounding the prosecution. |
| Jeremy Meeder | c/o Ritchie Manning Kautz PLLP<br>175 N. 27th St., Ste. 1206<br>Billings, MT 59101<br>(406) 601-1400 | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |
| Robert Taylor | c/o Ritchie Manning Kautz PLLP<br>175 N. 27th St., Ste. 1206<br>Billings, MT 59101<br>(406) 601-1400 | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |
| Michael Dominick | c/o Ritchie Manning Kautz PLLP<br>175 N. 27th St., Ste. 1206<br>Billings, MT 59101<br>(406) 601-1400 | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |

| Brad Giffin | c/o Ritchie Manning Kautz PLLP 175 N. 27th St., Ste. 1206 Billings, MT 59101 (406) 601-1400 | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |
|---|---|---|
| Michael McMeekin | c/o Ritchie Manning Kautz PLLP 175 N. 27th St., Ste. 1206 Billings, MT 59101 (406) 601-1400 | The investigation into the crime allegedly committed by Cody Marble and facts surrounding the incident. |

## INSURANCE AGREEMENTS

Plaintiff is not aware of any insurance agreements applicable to his claims in this matter.

## SETTLEMENT DISCUSSIONS AND PROSPECT
## FOR COMPROMISE OF THE CASE

The parties have not entertained settlement discussions to date.

## SUITABILITY OF SPECIAL PROCEDURES

Plaintiff is not aware of any special procedures which would be useful in this matter.

DATED this 12th day of January, 2021.

ODEGAARD KOVACICH SNIPES, P.C.
and
GUSTAFSON LAW OFFICES

By:___/s/ Ross T. Johnson_____
        Ross T. Johnson
        P.O. Box 2325
        Great Falls, MT 59403
        Attorneys for Plaintiff